# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL NICHOLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 3934 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Carl Nicholson's ("Plaintiff") claim for Disability Income Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 12] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is denied.

## BACKGROUND

I. **Procedural History**

Plaintiff filed his application for DIB in November 2013, alleging disability beginning in February 2009 due to prostate cancer, knee injury, ankle injury, and

stroke. (R. 163–64, 182.) His application was denied initially and again upon reconsideration. (R. 65–89.) Plaintiff presented for a hearing before an ALJ on March 22, 2016, represented by counsel. (R. 34–64.) A vocational expert was present and offered testimony. (*Id.*) On April 29, 2016, the ALJ issued an unfavorable decision finding Plaintiff was not disabled.[1] (R. 17–33.) The AC denied review on March 22, 2017, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

## II.   ALJ Decision

On April 29, 2016, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 17–33.) At step one, the ALJ determined that Plaintiff did not engaged in substantial gainful activity during the period from February 1, 2009, his alleged onset date, through March 31, 2014, his date last insured. (R. 22.) At step two, the ALJ found that Plaintiff suffered from severe impairments of cervical spine degenerative disc disease, history of prostate cancer, status post prostatectomy with residual urinary incontinence, right knee osteoarthritis, and very mild osteoarthritis of the right ankle. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed

---

[1] The Court Transcript Index indicates that the ALJ issued her decision on April 26, 2016, whereas the decision itself is dated April 29, 2016. The Court has adopted the date on the decision.

2

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); (R. 24.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, except he was limited to occasionally stooping, crawling, crouching, climbing, and kneeling and needed to avoid concentrated exposure to extreme cold. (R. 25.) At step four, the ALJ concluded that Plaintiff was capable of performing his past relevant work as an office manager and photo finisher. (R. 27.) Because of this determination, the ALJ found that Plaintiff was not disabled under the Act at any time from February 1, 2009, his alleged onset date, through March 31, 2014, his date last insured. (R. 28.)

## **DISCUSSION**

### III.     **ALJ Standard**

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former

3

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the

4

ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## V. Analysis

Plaintiff argues that the ALJ's decision should result in remand because she: (1) failed to account for all of Plaintiff's limitations in her RFC determination; (2) provided a perfunctory analysis of Plaintiff's mental impairments; (3) improperly evaluated the medical opinion evidence; and (4) erred in her evaluation of Plaintiff's subjective symptom allegations. For the reasons the follow, the Court agrees that remand is appropriate.

### A. Credibility

Plaintiff argues that the ALJ improperly assessed his subjective symptom statements and credibility.[2] An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts do not review the medical evidence de novo but "merely examine whether the ALJ's determination was reasoned and supported"). An ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any

---

[2] In 2016, the Commissioner rescinded SSR 96-7p and issued SSR 16-3p, eliminating the use of the term "credibility" from the symptom evaluation process, but clarifying that the factors to be weighed in that process remain the same. *See* SSR 16-3p, 2016 WL 1119029, at *1, *7 (March 16, 2016). The ruling makes clear that ALJs "aren't in the business of impeaching claimants' character," but does not alter their duty to "assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

6

subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887–88); *see* SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. 1996).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *Scheck*, 357 F.3d at 703; *see also* SSR 96-7p at *3. An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

First, Plaintiff argues that the ALJ's credibility determination is flawed because it rested upon a weak analysis of his activities of daily living. While there can be no doubt that an ALJ is entitled to consider a claimant's activities of daily living when addressing his credibility, the analysis "must be done with care." *See Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013). The Seventh Circuit has warned that a claimant's "ability to struggle through the activities of daily living does not mean that [the claimant] can manage the requirements of a modern workplace." *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) (citations omitted).

Here, the ALJ discredited Plaintiff's symptom statements, in part, because he reported that he could independently perform all of his activities of daily living and

7

was able to care for his grandson. (R. 25.) The ALJ did not explain how she determined Plaintiff's ability to care for his grandson translated to an ability to perform full-time work. Nor did the ALJ expound on how Plaintiff's ability to perform all his activities of daily living meant that he could maintain a job for eight-hours per day, five days per week. *Johnson-Bates v. Colvin*, 2015 WL 8153736, at *6 (N.D. Ill. Dec. 8, 2015) ("[T]he Seventh Circuit has repeatedly admonished ALJs not to place undue weight on [activities of daily living."]) (citations and quotations omitted.) Without more, this cursory explanation does not "make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *See* SSR 96-7p. Accordingly, this factor does not constitute substantial evidence in support of the ALJ's decision.

Next, Plaintiff argues that the ALJ improperly relied on a single report of improvement in incontinence (down to four to five pads per day) and limited urological treatment to discount his credibility. (R. 25.) The Court agrees. Here, the ALJ did not explain how lower, but still present incontinence, demonstrated that Plaintiff could sustain work on a full-time basis. *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) ("The key is not whether one has improved (although that is important), but whether they have improved enough to meet the legal criteria of not being classified as disabled.") Accordingly, the factor also does not support her unfavorable credibility determination.

The ALJ cites other reasons for discounting Plaintiff's subjective symptom allegations. For example, despite Plaintiff's testimony to a recent worsening of his incontinence symptoms, the ALJ discounted these statements because the medical evidence revealed significant improvement in his incontinence during the relative period. (R. 26–27.) She similarly found his credibility diminished because his examinations were "generally unremarkable." (R. 27.) But because the ALJ erred when addressing Plaintiff's activities of daily living and medical improvement, the Court finds remand to be appropriate. While the ALJ cited other reasons for discrediting Plaintiff's statements, the remainder of her decision is based solely on a lack of objective medical evidence. This is an error. *Schmidt*, 395 F.3d. at 746–47 (noting that an ALJ may not discount a claimant's testimony "solely on a conflict between the objective medical evidence and the claimant's testimony.") (citations omitted). Accordingly, the Court must remand so that the ALJ can "make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Zurawski*, 245 F.3d at 887 (citing SSR 96–7p).

**B. Plaintiff's Remaining Arguments**

Because remand is required, the Court need not address Plaintiff's remaining arguments. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles*, 582 F.3d at 678 ("On remand,

9

the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"). The Commissioner should not assume that any other claimed errors not discussed in this Order have been adjudicated in her favor.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is granted [Doc. No. 12] and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is denied. This matter is remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                 **ENTERED:**

**DATE:   July 13, 2018**

                                               **HON. MARIA VALDEZ**
                                               **United States Magistrate Judge**